The People of Illinois *v.* Peggy Royal.

————

THE PEOPLE OF THE STATE OF ILLINOIS, plaintiffs in error
*v.* PEGGY ROYAL, defendant in error.

*Error to Madison.*

The State cannot prosecute a writ of error in a criminal case.
A joinder in error will not give the Supreme Court jurisdiction in a case where the Constitution has not conferred it.
The provision in Article 8, § 11, of the Constitution of the State of Illinois, "That no person shall for the same offence be twice put in jeopardy of his life or limb," prohibits the State from bringing a writ of error, where a person accused of a crime is acquitted in the Court below.

THIS was originally a suit before a justice of the peace, for an assault and battery, and taken into the Circuit Court of Madison county by appeal. The Circuit Court, at the October term, 1832, the Hon. Theophilus W. Smith, presiding, reversed the proceedings before the justice, on the ground that the justice had no jurisdiction, the act under which the case was tried, being repugnant to § 11, Article 8, of the State Constitution.

. JAMES SEMPLE, Attorney General, for the plaintiffs in error.

J. B. THOMAS and D. PRICKET, for the defendant in error.

2u*

SMITH, Justice, delivered the opinion of the Court:

The only question presented in this case, and requisite to be determined, is, whether a writ of error can be prosecuted by the State, in a criminal case, where the judgment has been in favor of the defendant in the Court below.

The case seems to us to admit of but little argument.

It is true the defendant has joined in error, and thereby presented the points made by the errors assigned, for the consideration of the Court; but this cannot confer jurisdiction on this Court, in its appellate character, to determine these questions thus made. The Constitution of this State in the 11th Section of the 8th Article, has emphatically declared, " That no person shall for the same offence, be twice put in jeopardy of life or limb," or in other words, that he shall not be again tried for the same offence, after an acquittal. In the present case, it appears the Circuit Court reversed the judgment of the justice of the peace, and discharged the defendant from custody. It is manifest that in such a case this Court has no jurisdiction over the cause, and that even a reversal of the judgment of the Circuit Court, could not be of practicable utility. We can perceive no useful object to be gained, even in such an event. In the case of The People against Reynolds, reported in 4th Hayward 110, this point was expressly settled ; and we think correctly. We are of opinion that the State could not prosecute the writ of error, and consequently that it is compulsory on this Court to dismiss the writ, without a motion for such purpose.

The writ of error is dismissed accordingly.

*Writ of error dismissed.*

*Note.* See The People *v.* Dill, *Ante* 257; Bruner *v.* Ingraham, *Ante* 556.